# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS,<br><br>    Plaintiff,<br><br> v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:12-cv-00906-LJO-SKO PC<br><br>ORDER (1) OVERRULING OBJECTION TO ISSUANCE OF ORDERS BY MAGISTRATE JUDGE, (2) DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE, AND (3) DENYING MOTION FOR EXTENSION OF TIME AS MOOT<br><br>(Docs. 16-18)<br><br>THIRTY-DAY DEADLINE TO COMPLY WITH MAGISTRATE JUDGE'S SCREENING ORDER |

**Order Overruling Objection and Denying Motion for Reconsideration**

**I. Introduction**

Plaintiff John Fratus, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 4, 2012. On March 20, 2013, Plaintiff filed an objection to the issuance of orders in this action by the assigned Magistrate Judge, and on March 22, 2013, Plaintiff filed a motion for partial reconsideration of the screening order as it relates to his due process claim against Defendants Grannis, Hartley, Sheppard Brooks, and Adams. Plaintiff also asserts that Defendants Grannis, Hartley, Sheppard Brooks, and Adams acted with deliberate indifference.

**II. Objection to Issuance of Orders by Magistrate Judge**

Plaintiff objects to the issuance of any orders in this case by the assigned Magistrate Judge on the ground that he declined Magistrate Judge jurisdiction.

This matter was referred to the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. If all parties consent to Magistrate Judge jurisdiction, the case will be reassigned to the Magistrate Judge and the Magistrate Judge will decide all further matters. If a party declines Magistrate Judge jurisdiction, as Plaintiff did in this case, the District Judge will resolve all

dispositive matters and conduct the trial, if there is one.  However, a party's decision to decline Magistrate Judge jurisdiction has no effect on the referral of the case to a Magistrate Judge for non-dispositive matters, including screening orders, and for the issuance of Findings and Recommendations on dispositive motions.  28 U.S.C. § 636(b)(1); Local Rule 302.

Plaintiff's objection to the issuance of orders by the Magistrate Judge is without merit and it is overruled.

### III.     Motion for Reconsideration

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted).  The moving party must demonstrate both injury and circumstances beyond his control.  *Id.* (quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff may not sue Defendants Grannis, Hartley, Sheppard Brooks, and Adams for violating his right to due process.  The inmate appeals process does not create any substantive rights and Plaintiff's disagreement with Defendants' decision to deny his inmate appeal provides no basis for liability under the Due Process Clause.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  To the extent that Plaintiff's rights were violated at his disciplinary hearing, Defendants were not involved in that underlying violation.  There is no culpable conduct directly attributable to Defendants other than their subsequent review of Plaintiff's administrative appeal grieving past events, which is not grounds for liability under section 1983.  *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Furthermore, there is also no factual support for an Eighth Amendment claim against Defendants Grannis, Hartley, Sheppard Brooks, and Adams.  *Farmer v. Brennan*, 511 U.S. 825, 847,

///

114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009).

Plaintiff is not entitled to relief from the screening order and his motion for reconsideration is denied. Fed. R. Civ. P. 60(b)(6); Local Rule 230(j).

**IV.  Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's objection to the Magistrate Judge issuing orders in this case, filed on March 20, 2013, is overruled;
2. Plaintiff's motion for reconsideration, filed on March 22, 2013, is DENIED, with prejudice;
3. Plaintiff has **thirty (30) days** from the date of service of this order to comply with the Magistrate Judge's screening order; and
4. Plaintiff's separate motion for an extension of time to comply with the screening order, filed on March 20, 2013, is DENIED as moot in light of this order.

IT IS SO ORDERED.

**Dated:   March 26, 2013**              /s/  Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE

3