# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS, et al.,<br><br>        Defendants. | Case No. 1:12-cv-00906-LJO-SKO (PC)<br><br>ORDER (1) DISMISSING DEFENDANTS ADAMS, GRANNIS, HODGES-WILKINS, CANO, HARTLEY, SHEPPARD BROOKS, JENNINGS, AND LOPEZ, WITH PREJUDICE, (2) REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR SERVICE OF SECOND AMENDED COMPLAINT ON DEFENDANTS CALLOW AND BEARD, AND (3) DENYING MOTION AS MOOT<br><br>(Docs. 20 and 24) |

**Second Screening Order**

## I. Screening Requirement and Standard

Plaintiff John Fratus, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 4, 2012. Plaintiff filed an amended complaint as a matter of right on December 5, 2012, Fed. R. Civ. P. 15(a), and on March 7, 2013, the Court screened Plaintiff's amended complaint, found it stated a cognizable claim against Defendant Callow only, and ordered Plaintiff to either file a second amended complaint or notify the Court of his willingness to proceed only against Defendant Callow, 28 U.S.C. § 1915A. After his motion for reconsideration of the screening order was denied, with prejudice, Plaintiff filed a second amended complaint on April 1, 2013.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II. Discussion

### A. Summary of Claim

Plaintiff brings this action against Lieutenant Callow, Warden Adams, Inmate Appeals Branch Chief N. Grannis, Appeals Examiner M. Hodges-Wilkins, Correctional Counselor Cano,

2

Chief Deputy Warden James D. Hartley, Warden Sheppard Brooks, Captain M. Jennings, Associate Warden R. Lopez, and the Director of the California Department of Corrections and Rehabilitation ("CDCR") for violating his rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution while he was incarcerated at California State Prison-Corcoran.  Plaintiff seeks monetary damages, a declaratory judgment, and injunctive relief.

The basic facts underlying Plaintiff's claim remain unchanged.  Those facts were summarized as follows in the first screening order:

> Plaintiff alleges that on July 12, 2006, he was assaulted by Correctional Officers Hamilton, Solano, Cortez, and Luna right in front of Sergeant Robertson.  To cover up the incident, the officers lied and Plaintiff was charged with battery on a peace officer, purportedly for headbutting Hamilton.
>
> Plaintiff was found guilty of the charge on August 23, 2006, given an eighteen month Security Housing Unit (SHU) term, and assessed a one-hundred twenty-one day credit forfeiture.
>
> While in the SHU, Plaintiff filed grievances and was retaliated against for it, resulting in more beatings and a longer SHU term based on false write-ups.  Plaintiff ultimately received an almost twenty-year SHU term extension.
>
> Plaintiff alleges that Defendant Callow, who was the senior hearing officer for his disciplinary hearing, failed to allow him to call an inmate witness whose testimony was favorable and failed to allow him to question staff witnesses whose testimony was adverse.  Plaintiff alleges that Defendants Grannis, Hartley, Sheppard Brooks, Adams, Cano, and Hodges-Wilkins violated his due process rights when they denied his inmate appeal complaining about the disciplinary hearing procedures.
>
> Finally, Plaintiff alleges that on April 12, 2012, the Court of Appeals for the Fifth District found Plaintiff's due process rights were violated, granted Plaintiff's petition for writ of habeas corpus, and ordered CDCR to either restore Plaintiff's time credits or conduct a new disciplinary hearing.[1]

(Doc. 15, Screening Order, 2:24-3:13.)

---

[1] It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief.  *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005).  Often referred to as the favorable termination rule, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81.  Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-2.  Here, Plaintiff's allegations and exhibits indicate that he succeeded in overturning the credit forfeiture via a petition for writ of habeas corpus, and therefore, the favorable termination rule does not bar his section 1983 claim.  *In re Fratus*, 204 Cal.App.4th 1339, 139 Cal.Rptr. 660 (Cal. Ct. App. 2012).

**B.      Procedural Due Process Claim**

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Wilkinson*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484) (quotation marks omitted); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

If there is a protected liberty interest at stake, the inquiry becomes what process is due. *Wilkinson*, 545 U.S. at 221. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-71. As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin*, 515 U.S. 472.

**C.      Findings**

Plaintiff's allegations regarding harsh SHU conditions suffice, at the pleading stage, to support the existence of a liberty interest in remaining free from long-term SHU confinement. With respect to the process received, Plaintiff's allegations support a viable claim for relief under section 1983 against the hearing officer, Defendant Callow, who precluded Plaintiff from calling a favorable witness and limited Plaintiff's ability to cross-examine adverse witnesses. (Doc. 15, 1st Screening Order, 4:24-5:3.)

However, Plaintiff's due process claim against the other named defendants fails. Defendants Adams, Grannis, Hodges-Wilkins, Cano, Hartley, and Sheppard Brooks were involved in reviewing and deciding Plaintiff's inmate appeals challenging his disciplinary hearing. As Plaintiff was informed by both the Magistrate Judge and the undersigned, Plaintiff does not a have protected liberty interest in the appeals process, and Defendants' involvement in reviewing and denying his appeals provides no basis for the imposition of liability under section 1983.[2] *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). Although Plaintiff pleads additional facts in an attempt to bolster his due process claim against Defendants Adams, Grannis, Hodges-Wilkins, Cano, Hartley, and Sheppard Brooks, there is no basis for liability. Defendants were not directly involved in the past violation of his rights to due process during his disciplinary hearing, *e.g.*, *Jones*, 297 F.3d at 934, and their decision to deny his appeal during the administrative review process does not subject them to liability for the underlying violation allegedly committed by Defendant Callow, *Ramirez*, 334 F.3d at 860.

Likewise, Defendants Jennings and Lopez are not liable under section 1983. Plaintiff seeks to impose liability on them for reviewing and signing off on the disciplinary report prepared by Defendant Callow following the disciplinary hearing. Defendants Jennings and Lopez were not personally involved with the disciplinary hearing during which Defendant Callow allegedly violated Plaintiff's procedural due process rights, and they may not be held liable under a theory of *respondeat superior*. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013). Plaintiff does not have an unfettered right to call witnesses or to confront or cross-examine witnesses. *Wolff*, 418

---

[2] Docs. 15, 19.

5

U.S. at 566-69 ("Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence."); *Mitchell v. Dupnik*, 75 F.3d 517, 525-26 (9th Cir. 1996) (*Wolff* has long established the elements of due process in a prison disciplinary hearing.)  Given that Plaintiff's rights regarding witnesses are not unfettered and are subject to a balancing of concerns, *Wolff*, 418 U.S. at 566-69; *Mitchell*, 75 F.3d at 525-26, the decision not to call witnesses and/or to place limits on witnesses testimony does not, as a matter of law, violate the Constitution such that a supervisor's review and approval of a report following a disciplinary hearing will necessarily render him liable for the underlying decisions made by the subordinate employee.  In this case, Defendants Jennings and Lopez's actions in signing off on Defendant Callow's report, in the capacity of reviewing supervisors, does not support the existence of a sufficient causal connection between Defendants' conduct and the alleged denial of adequate procedural protections at the disciplinary hearing.  *Crowley*, 734 F.3d at 977; *Lemire*, 726 F.3d at 1074-75.

Finally, Plaintiff names the Director of CDCR in his official capacity for purposes of injunctive relief.  *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).  If Plaintiff prevails on his claim that his rights were violated and he succeeds in demonstrating he is entitled to injunctive relief regarding expungement of the disciplinary report and/or release from the SHU, the Director, or Secretary, is in the position to effect relief, regardless of which institution holds Plaintiff at the time this suit reaches conclusion.[3]  *Id.*

### III.  Conclusion and Order

Plaintiff's second amended complaint states a cognizable claim for relief against Defendant Callow for violation of the Due Process Clause.  In addition, Plaintiff may proceed against Defendant Beard in his official capacity for the purpose of obtaining injunctive relief, should Plaintiff be entitled to any such relief.  However, Plaintiff fails to state a claim against Defendants Adams, Grannis, Hodges-Wilkins, Cano, Hartley, Sheppard Brooks, Jennings, and Lopez, and based on the nature of the deficiencies at issue, the Court finds that further leave to

---

[3] The Court takes judicial notice of the fact that Dr. Jeffery Beard is currently the Secretary of CDCR.

amend would be futile. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's claims against Defendants Adams, Grannis, Hodges-Wilkins, Cano, Hartley, Sheppard Brooks, Jennings, and Lopez are dismissed, with prejudice, for failure to state a claim under section 1983;

2. This action shall proceed on Plaintiff's second amended complaint against Defendant Callow in his individual capacity for damages and against Defendant Beard in his official capacity for injunctive relief;

3. Plaintiff's "motion to proceed," filed on November 22, 2013, is denied as moot in light of this order; and

4. This matter is referred back to the Magistrate Judge to initiation service of process proceedings.

IT IS SO ORDERED.

    Dated:   **April 1, 2014**　　　　　　　　　　**/s/ Lawrence J. O'Neill**
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

7