# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS, | Case No. 1:12-cv-00906-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION TO AMEND |
| v. | (Doc. 35) |
| CALIFORNIA DEPT. OF CORRECTIONS, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff John Fratus, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 4, 2012. This action is proceeding on Plaintiff's procedural due process claim against Defendant Callow in his individual capacity for damages and against Defendant Beard in his official capacity for injunctive relief. On August 13, 2014, Plaintiff filed a motion seeking leave to file a third amended complaint to add facts detailing the two-year period during which he was involuntarily medicated. Defendants Callow and Beard filed an opposition on August 28, 2014, and the motion has been submitted upon the record without oral argument. Local Rule 230(*l*).

The federal system is one of notice pleading, and Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." The stated ground for Plaintiff's motion is his desire to add more facts regarding injuries he sustained, purportedly to support the damages he seeks

from Defendant Callow.  However, the addition of such detail is entirely unnecessary, as Plaintiff need only identify the relief he seeks, Fed. R. Civ. P. 8(a)(3), and "judgment should grant the relief to which the party is entitled, even if the party has not demanded that relief in its pleadings," Fed. R. Civ. P. 54(c).  While "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires,'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)), justice does not require courts to permit litigants to add what are merely superfluous facts.

Moreover, courts may properly deny leave to amend if the proposed amendments are futile. *E.g.*, *Woods v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105-06 (9th Cir. 2011); *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).  Plaintiff's claim for money damages against Defendant Callow arises out of a prison disciplinary hearing held on August 23, 2006, during which Callow served as the senior hearing officer and found Plaintiff guilty, allegedly without all of the procedural protections he was due under the Fourteenth Amendment.  To the extent that Plaintiff was subsequently involuntarily medicated for two years while in the Security Housing Unit, his claim against Defendant Callow provides no basis upon which to pin damages arising from subsequent events involving other individuals.  *See e*.*g*., *Farrar v. Hobby*, 506 U.S. 103, 112, 113 S.Ct. 566 (1992); *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08, 106 S.Ct. 2537 (1986); *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625 (1983); *Carey v. Piphus*, 435 U.S. 247, 253-54, 98 S.Ct. 1042 (1978).  It appears that Plaintiff is trying to bootstrap onto his viable procedural due process claim injuries which are not attributable to Defendant Callow's conduct, and the Court is not required to permit what would be a futile amendment.

Accordingly, based on the foregoing, Plaintiff's motion for leave to file a third amended complaint is HEREBY DENIED.
IT IS SO ORDERED.

Dated:   **December 2, 2014**                              **/s/ Sheila K. Oberto**
                                                                            UNITED STATES MAGISTRATE JUDGE