# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:12-cv-00906-LJO-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING (1) APPLICATION OF ISSUE PRECLUSION TO TWO ISSUES AND (2) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF DEFENDANT CALLOW'S LIABILITY BE DENIED<br><br>(Doc. 38)<br><br>OBJECTION DEADLINE: THIRTY DAYS |

## I. Background

Plaintiff John Fratus ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 4, 2012. This action is proceeding on Plaintiff's second amended complaint against Defendants Callow and Beard ("Defendants") for violation of Plaintiff's Fourteenth Amendment right to procedural due process. Defendant Callow, a correctional lieutenant, is sued in his individual capacity for damages; and Defendant Beard, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), is sued in his official capacity for injunctive relief.

On November 14, 2014, Plaintiff filed a motion seeking partial summary judgment. Fed. R. Civ. P. 56. After the parties obtained extensions of time, Defendants Callow and Beard filed an

opposition on January 21, 2015, and Plaintiff filed a reply on May 8, 2015. The motion has been submitted on the record without oral argument pursuant to Local Rule 230(*l*).

## II. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). Where, as here, the moving party bears the burden of proof at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for him. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks omitted); *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, *Soremekun*, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

## III. Discussion

### A. Defendants' Failure to Comply with Rule 56 and Local Rule 260(b)

In addition to Rule 56, addressed in the preceding section, Local Rule 260 provides as follows:

> **(a) Motions for Summary Judgment or Summary Adjudication.** Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers. See L.R. 133(j).
>
> **(b) Opposition.** Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

Plaintiff complied with Rule 56 and Local Rule 260(a) by supporting his motion for summary judgment with a "Statement of Undisputed Facts" that sets forth twenty-seven facts and included citations to evidence in the record. In opposition, Defendants indicated "disputed" or "undisputed" for each fact, but for those facts purportedly in dispute, they failed to cite to any evidence, and their opposition to Plaintiff's motion is not supported by any evidence. The opposing party is required to demonstrate the existence of a *genuine dispute* of material fact. Fed. R. Civ. P. 56(c). Defendants failed to do so and where Plaintiff's facts are supported by the evidence he cited, they are considered undisputed for the purpose of resolving his motion. Fed. R. Civ. P. 56(e)(2).

### B. Defendants' Evidentiary Objections

Defendants set forth objections to most of the facts in Plaintiff's "Statement of Undisputed Facts," as well as to his declaration and supporting exhibits. For the reasons that follow, the objections are not persuasive.

#### 1. Lack of Authentication

Defendants' objections to Plaintiff's prison records for lack of authentication are overruled. Fed. R. Evid. 901(b)(4); *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532-33 (9th Cir. 2011). The records are subject to authentication under Rule 901(b)(6), and the Court notes the absence of any evidence or argument suggesting the existence of a legitimate challenge to the records on authentication grounds. *See Chamberlain v. Les Schwab Tire Center of California, Inc.*, No. 2:11-cv-03105-JAM-DAD, 2012 WL 6020103, at *2 (E.D.Cal. Dec. 3, 2012) (citing *Burch v. Regents*

3

of *Univ. of California*, 433 F.Supp.2d 1110, 1120 (E.D.Cal. 2006)) (rejecting "purely procedural" authentication objection).

### 2. **Hearsay**

Defendants' hearsay objections are also overruled. "At summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001)) (internal quotations omitted). The focus is on the admissibility of the evidence's contents, not its form, *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 846 (9th Cir. 2004); *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003); *Cheeks v. General Dynamics*, 22 F.Supp.3d 1015, 1027 (D.Ariz. 2014); *Burch v. Regents of Univ. of California*, 433 F.Supp.2d 1110, 1122 (E.D.Cal. 2006), and declarations which contain hearsay are admissible for summary judgment purposes if they can be presented in admissible form at trial, *Fonseca*, 374 F.3d at 846. Furthermore, "[i]f the significance of an out-of-court statement lies in the fact that the statement was made and not in the truth of the matter asserted, then the statement is not hearsay." *Calmat Co. v. U.S. Dep't of Labor*, 364 F.3d 1117, 1124 (9th Cir. 2004).

### 3. **Plaintiff's Declaration**

With respect to Defendants' objections to Plaintiff's declaration, "[d]eclarations must be made with personal knowledge; declarations not based on personal knowledge are inadmissible and cannot raise a genuine issue of material fact." *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1063 (9th Cir. 2012) (citing *Skillsky v. Lucky Store, Inc.*, 893 F.2d 1088, 1091 (9th Cir. 1990) and Fed. R. Civ. P. 56(c)(4)). "[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible." *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) (internal quotations and citation omitted). Moreover, "personal knowledge and competence to testify . . . may be inferred from the affidavits themselves," *Barthelemy v. Air Line Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) (per curiam), and "[u]nfounded speculation as to an affiant's alleged lack of personal knowledge of the events in his affidavit does not render it inadmissible." *Greene*, 648 F.3d at 1019.

**4. <u>Relevance</u>**

Finally, given the Court's duty to determine whether there exists a genuine dispute as to any *material* fact, an independent objection to evidence as irrelevant is both unnecessary and unhelpful. *E.g.*, *Carden v. Chenega Sec. & Protections Servs., LLC*, No. CIV 2:09-1799 WBS CMK, 2011 WL 1807384, at *3 (E.D.Cal. May 10, 2011); *Arias v. McHugh*, No. CIV 2:09-690 WBS GGH, 2010 WL 2511175, at *6 (E.D.Cal. Jun. 17, 2010); *Tracchia v. Tilton*, No. CIV S-06-2916 GEB KJM P, 2009 WL 3055222, at *3 (E.D.Cal. Sept. 21, 2009); *Burch*, 433 F.Supp.2d at 1119. Defendants' objections on relevancy grounds are therefore disregarded.

**C.    <u>Undisputed Facts</u>**[1]

1. Plaintiff was an inmate at California State Prison-Corcoran from June 23, 2006, to March 8, 2010.

2. On July 12, 2006, Plaintiff was charged with battery on Correctional Officer Hamilton in Rules Violation Report log number 4B-06-07-004.

3. On July 27, 2006, Plaintiff was assigned an Investigative Employee to interview any and all potential witnesses to the July 12, 2006, incident.

4. Investigative Employee J. Counter interviewed Johnson, an inmate witness, on July 27, 2006, and Johnson stated, "I saw the entire thing. Fratus did not make any moves or anything of that nature. The C/Os are lying so they can justify why they beat him up."

5. Plaintiff's disciplinary hearing was held on August 23, 2006.

6. Defendant Callow was the Senior Hearing Officer ("SHO").

7. Plaintiff requested that inmate witness Johnson appear at his August 23, 2006, hearing to testify, but Defendant Callow denied Plaintiff's request on the ground that Johnson had no additional information.

8. Plaintiff also requested four officer witnesses be present at the August 23, 2006, hearing, and SHO Callow permitted them to attend but only allowed Plaintiff to ask each witness one question.

---

[1] As discussed in section D(3), some facts are established by issue preclusion.

9. Plaintiff was found guilty of battery on Officer Hamilton, and assessed a one-hundred twenty day good time credit loss.

10. Plaintiff appeared before a Classification Committee in October 2006 and he was sentenced to an eighteen month aggravated Security Housing Unit ("SHU") term.

11. Plaintiff filed CDCR 602 grievance/appeal log number COR-06-4595 on September 25, 2006. Plaintiff complained that his due process rights were violated during his August 23, 2006, disciplinary hearing because he was not allowed to call inmate witness Johnson or ask the four adverse officer witnesses more than one question each.

12. The grievance, IAB # 0608214/local # COR-06-4595, was ultimately denied on April 11, 2007.

13. In 2008, Plaintiff filed a petition for writ of habeas corpus in the Court of Appeal for the Fifth District of California, alleging that he did not have a fair disciplinary hearing because he had not been allowed to call a favorable inmate witness and he had not been allowed to cross-examine the officers who testified against him.[2] The Fifth District Court of Appeal issued an order directing CDCR to show cause before the Kings County Superior Court why Plaintiff was not entitled to appropriate relief.

In February 2009, the Superior Court denied Plaintiff's petition for writ of habeas corpus, finding that although CDCR violated its own regulation permitting inmates at disciplinary hearings to question all witnesses, the error was harmless. Plaintiff then filed a petition for writ of habeas corpus (#F058919) in the Fifth District Court of Appeal in August 2009, again alleging that he was denied his right to call a favorable inmate witness and question the four officers at his disciplinary hearing. In addition, based on his inability to fully present his case, Plaintiff alleged that there was insufficient evidence to support the guilty finding. The Fifth District Court of Appeal found that CDCR violated Plaintiff's due process right to call witnesses in his defense and its own regulation requiring all witnesses be questioned. The appellate court was unable to

---

[2] The facts in this section are taken from *In re Fratus*, 204 Cal.App.4th 1339, 1351-52, 139 Cal.Rptr.3d 660, 670 (Cal. Ct. App. 2012) (quotation marks omitted).

6

evaluate either the sufficiency of the evidence or whether the failure to allow Plaintiff to question the officers was harmless error.[3]

The appellate court granted Plaintiff's petition and directed CDCR to either restore Plaintiff's one-hundred twenty days of good time behavior credits he lost as a consequence of the finding that he committed a battery on a correctional officer or conduct a new disciplinary hearing.

14. On June 26, 2012, in accordance with the Fifth District Court of Appeal's order, CDCR restored Plaintiff's one-twenty days of good time behavior credits

15. The Fifth District Court of Appeal stated in its published decision: "Because [Plaintiff] was denied his right to present his defense at the disciplinary hearing, as mandated under the Due Process Clause and allowed under the Department regulations, and thus denied a fair hearing, we do not know the evidence which would have come from the testimony of inmate Johnson or the questions asked of the prison officers. Without this evidence, we cannot evaluate the sufficiency of the evidence issue at this time, or whether the failure to allow questioning of the prison officers was harmless error. (*See Piggie v. Cotton* (7th Cir.2003) 344 F.3d 674, 679.) We do note however, that error may not be deemed harmless when such an error 'undermine[s] confidence in the outcome.' (*Strickland v. Washington* (1984) 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674.)"[4]

16. Plaintiff served five-hundred forty days in segregation/solitary confinement at the Corcoran SHU.

17. CDCR restored Plaintiff's good time behavior credits but Plaintiff has not been compensated for the five-hundred forty day SHU term he served in segregation at the Corcoran SHU.

18. Plaintiff filed a lawsuit against the officers involved in the July 12, 2006, incident involving the use of force. In case number 1:08-cv-01500-ROS, *Fratus v. Peterson, et al.*, filed in

---

[3] Plaintiff appears to cast the state appellate court's ruling as a finding that the denial of his right to due process was not harmless. However, while the appellate court did not "view" the error as harmless, as held by the superior court, it was unable to determine whether or not the error was harmless. *In re Fratus*, 204 Cal.App.4th at 1341 & 1351-52, 139 Cal.Rptr.3d at 662 & 670. This is a distinction with a difference.

[4] *In re Fratus*, 204 Cal.App.4th at 1351-52, 139 Cal.Rptr.3d at 670.

7

the Eastern District of California, Plaintiff alleged a claim for excessive force in violation of the Eighth Amendment. Plaintiff represented himself during jury trial, which began on January 7, 2013, and the jury returned a verdict in favor of the defendants on January 9, 2013. Inmate witness Johnson did not testify at trial; and when confronted with inconsistencies between the Rules Violation Report and the disciplinary hearing testimony, witness Sergeant Robertson testified he did not recall events.

### D. Procedural Due Process Claim Against Defendant Callow

#### 1. Summary of Parties' Positions

Plaintiff seeks summary adjudication on his claim against Defendant Callow on the ground that the state appellate court already determined that Callow violated his due process rights during the disciplinary hearing. Defendants argue that Plaintiff's motion lacks proper evidentiary and legal support, and that there are disputed issues of fact as to the cross-examination of witnesses, whether Plaintiff's conviction was supported by "some evidence," and whether the procedural errors were harmless.

#### 2. Legal Standard

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Wilkinson*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484) (quotation marks omitted);

*Brown v. Oregon Dept. of Corrs.*, 751 F.3d 983, 987 (9th Cir. 2014); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

If there is a protected liberty interest at stake, the inquiry becomes what process is due. *Wilkinson*, 545 U.S. at 221; *Brown*, 751 F.3d at 987. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Wolff*, 418 U.S. at 563-71.

In addition to those procedural protections, "some evidence" must support the decision of the hearing officer.[5] *Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985); *Castro v. Terhune*, 712 F.3d 1304, 1314 (9th Cir. 2013). "[The] test is 'minimally stringent,'" *Castro*, 712 F.3d at 1314 (quoting *Powell v. Gomez*, 33 F.3d 39, 40 (9th Cir. 1994)), and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion, *id.* (quoting *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003)). "Evidence only must bear 'some indicia of reliability' to be considered 'some evidence,'" *id.* (quoting *Toussaint v. McCarthy*, 926 F.2d 800, 803 (9th Cir. 1990)), and "evidence may qualify as 'some evidence,' even if it does not 'logically preclude any conclusion but the one reached,'" *id.* (quoting *Hill*, 472 U.S. at 457).

///

---

[5] The Court does not reach Defendants' arguments regarding the existence of "some evidence" to support Plaintiff's disciplinary conviction. (Motion, § II.) As the moving party, Plaintiff bears the initial burden of production and there is no indication that Plaintiff is pursuing a claim under section 1983 on the ground that his disciplinary conviction did not meet *Hill's* "some evidence" standard. However, to the extent Defendants are suggesting that the *Hill* standard supplants the *Wolff* factors, the Court rejects that argument. In the context of his prison disciplinary hearing, Plaintiff was entitled to the procedural protections afforded him under both *Wolff* (procedures) and *Hill* (evidence). *Hill*, 472 U.S. at 454.

### 3. Issue Preclusion and the Procedural Protections Due

#### a) Applicability of Issue Preclusion

Ordinarily, the first inquiry to be resolved is the existence of a protected liberty interest. However, given the impact of the state appellate court's decision in *In re Fratus* on certain procedural due process issues, the Court turns first to those issues.

Plaintiff completed the prison's grievance procedure in 2007, and in 2008, he filed a petition for writ of habeas corpus in state court challenging his 2006 prison disciplinary hearing. Plaintiff's petition was ultimately granted on April 15, 2012, by the state appellate court, resulting in the restoration of his good time credits. Plaintiff then filed this civil rights action, seeking damages for an eighteen month SHU term he contends was also imposed as a result of being found guilty at the 2006 prison disciplinary hearing.[6]

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161 (2008). "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate," the doctrines of claim preclusion and issue preclusion "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decision." *Taylor*, 553 U.S. at 892 (internal quotation marks and citation omitted). Relevant here, "[i]ssue preclusion . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Id.* at 892 (internal quotation marks and citation omitted).

"The Federal Full Faith and Credit statute, 28 U.S.C. § 1738, requires federal courts to 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Gonzales v. California Dep't of Corrs.*

---

[6] Until Plaintiff either overturned the disciplinary hearing result or succeeded in setting aside the credit forfeiture, his section 1983 claim was barred. *Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

*& Rehab.*, 739 F.3d 1226, 1230 (9th Cir. 2014) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892 (1984)). "'[A] decision actually rendered [in a state habeas proceeding] should preclude an identical issue from being relitigated in a subsequent [§] 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards.'" *Gonzales*, 739 F.3d at 1230 (quoting *Silverton v. Dep't of Treasury of U.S. of America*, 644 F.3d 1341, 1347 (9th Cir. 1981)).

Under California law, "the doctrine of issue preclusion precludes relitigation of issues argued and decided in prior proceedings, when six criteria are met." *White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) (citing *Lucido v. Superior Court*, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1225 (1990)) (internal quotation marks omitted). "These criteria are: "(1) the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding; (2) the issue to be precluded must have been actually litigated in the former proceeding; (3) the issue to be precluded must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding; and (6) application of issue preclusion must be consistent with the public policies of preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." *White*, 671 F.3d at 927 (citing *Lucido*, 795 P.2d at 1225-27) (internal quotation marks omitted).

Although Defendants were on notice of the issue by virtue of Plaintiff's motion, they did not address the issue preclusive effect of *In re Fratus*, other than to assert generally that notwithstanding the decision, Plaintiff's summary judgment motion lacks factual and legal support. At issue in this case are Defendant Callow's alleged failure to allow Plaintiff to ask the adverse officers more than one question and his failure to allow Plaintiff to call inmate Johnson to testify on his behalf during the 2006 prison disciplinary hearing. These issues are identical to those raised in Plaintiff's habeas petition, they were actually litigated in the habeas proceedings, and they were decided in that case. Furthermore, the decision was final and the issues were

decided on their merits; and privity exists between Defendant Callow and CDCR.[7] Finally, application of issue preclusion is wholly consistent with the underlying public policies. Defendants advanced no argument why issue preclusion would not apply, and the Court can discern no basis for its inapplicability in this case, as CDCR had a full and fair opportunity to litigate the procedural issues now at issue in this case.

In finding that Plaintiff was not allowed to present his defense at his disciplinary hearing, and was thus denied a fair hearing, the state appellate court specifically determined that Defendant Callow's refusal to allow Plaintiff to call inmate Johnson as a witness violated Plaintiff's due process rights under *Wolff* and *Hill*, and it determined that SHO Callow refused to allow Plaintiff to ask more than one question of the adverse officer witnesses. *In re Fratus*, 204 Cal.App.4th at 1350-51. Defendant Callow is not now permitted to relitigate these issues, and the Court rejects his very general argument that there exist disputed issues of fact with respect to Plaintiff's ability to ask the adverse officers more than one question.

### b) No Entitlement to Judgment on Due Process Claim

The determination that Defendants are barred from relitigating the two procedural issues, however, does not entitle Plaintiff to judgment on his due process claim against Defendant Callow. First, the determination that Plaintiff was only allowed to ask the adverse officers one question each does not establish a federal constitutional violation. As recognized by the appellate court, Plaintiff did not have a constitutional right to cross-examine adverse witnesses. *Wolff*, 418 U.S. at 567-68; *In re Fratus*, 204 Cal.App.4th at 1351. Rather, Defendant Callow violated state prison regulations when he failed to allow Plaintiff to ask more than one question. While the issue may be relevant to whether Plaintiff received a hearing that comported with due process, his lack of constitutional entitlement to cross-examine witnesses precludes him from relying on the issue to establish a *per se* violation of a federal procedural right. *Wolff*, 418 U.S. at 567-68; *In re Fratus*, 204 Cal.App.4th at 1351.

---

[7] "[W]hether privity exists depends upon whether the relationship between the party to be estopped and the unsuccessful party in the prior litigation is sufficiently close so as to justify the application of the doctrine of collateral estoppel." *People v. Garcia*, 39 Cal.4th 1070, 1078, 141 P.3d 197 (Cal. 2006) (internal quotation marks and citation omitted).

Second, although prisoners are entitled to certain due process protections when subject to disciplinary sanctions, those procedural protections adhere only when the deprivation at issue implicates a protected liberty interest. *Brown*, 751 F.3d at 987. As discussed in the next subsection, at this juncture, Plaintiff lacks entitlement to a finding that he was deprived of a protected liberty interest as a matter of law, thereby triggering entitlement to federal procedural protections.

### 4. Liberty Interest in Avoiding SHU Confinement

Plaintiff's motion for summary judgment addresses only the procedural protections he was due and which were at issue in his habeas case. In order to prevail on his due process claim, however, Plaintiff must first establish the existence of a protected liberty interest at stake. In screening Plaintiff's complaint, the Court found that his allegations regarding SHU conditions sufficed, *at the pleading stage*, to support the existence of a liberty interest in remaining free from long-term SHU confinement.[8] (Doc. 15, 1st Screening Order, 4:24-5:3.) This is the evidentiary stage, however, and as the moving party, Plaintiff bears the burden of production as to the elements of his claim. This requires Plaintiff to affirmatively demonstrate that no reasonable trier of fact could find other than for him with respect to the existence of a protected liberty interest. *Soremekun*, 509 F.3d at 984; *Southern California Gas Co.*, 336 F.3d at 888.

While there are limited circumstances in which it is appropriate for a district court to grant summary judgment *sua sponte*, this case presents no such occasion. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 971-72 (9th Cir. 2010) (en banc) (district courts have power to grant summary judgment *sua sponte*, subject to providing notice and opportunity to be heard). The Ninth Circuit recently held that twenty-seven months in the Intensive Management Unit at Oregon's Snake River Correctional Institution "imposed an atypical and significant hardship under any plausible

---

[8] Given Plaintiff's failure to meet his initial burden of production on this element of his due process claim, the Court does not address Defendants' argument that there is a dispute over the reason for Plaintiff's extended SHU term. The Court notes, however, that Plaintiff's evidence shows that he was found guilty of the disciplinary charge and referred by Defendant Callow to the ICC *for* a SHU term assessment. (Motion, Ex. C, p. 22.) The ICC subsequently specifically noted that the offense for which Plaintiff was found guilty *requires* a SHU term, and, from a range of 6 to 18 months, it elected to impose an 18 month consecutive term. (*Id.*, Ex. E, p. 35.) Defendants failed to submit any evidence with their opposition, and their argument that Plaintiff's Exhibit E demonstrates the existence of a factual dispute regarding whether he received a SHU term as a result of the adverse disciplinary hearing determination appears specious. (Opp., § IV.)

baseline," but in so holding, it recognized that "the baseline for determining 'atypical and significant hardship' is not entirely clear." *Brown*, 751 F.3d at 988. Given the lack of certainty regarding the baseline for finding atypical and significant hardship arising out of placement in segregation and the present state of the record in this case with respect to that issue, Plaintiff's failure to produce evidence as to the existence of a protected liberty interest is fatal to his motion for summary judgment against Defendant Callow.

## IV.    Conclusion and Recommendation

The Court finds that application of issue preclusion bars Defendants from relitigating the issues of Defendant Callow's failure to allow Plaintiff to call inmate Johnson as a witness and his failure to allow Plaintiff to ask the adverse officer witnesses more than one question. However, Plaintiff failed to meet his burden as to the existence of a protected liberty interest with respect to his eighteen month SHU term. Accordingly, Plaintiff is not entitled to summary adjudication on his due process claim against Defendant Callow.

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Issue preclusion be applied to Defendant Callow's failure to allow Plaintiff to call inmate Johnson to testify on his behalf, in violation of his rights under *Wolff*, and to his failure to allow Plaintiff to ask the adverse officer witnesses more than one question each; and

2. Plaintiff's motion for summary adjudication on Defendant Callow's liability for violating his right to due process be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses, if any, are due within **fifteen (15) days** from the date the objections are filed. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on

appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 13, 2015**                                **/s/ Sheila K. Oberto**
                                                                    UNITED STATES MAGISTRATE JUDGE