# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00906-LJO-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE TO ISSUE AMENDED SCHEDULING ORDER<br><br>(Docs. 38 and 67) |

## I. Background

Plaintiff John Fratus, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 4, 2012. This action is proceeding on Plaintiff's second amended complaint against Defendants Callow and Beard for violation of Plaintiff's Fourteenth Amendment right to procedural due process. Defendant Callow, a correctional lieutenant, is sued in his individual capacity for damages; and Defendant Beard, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), is sued in his official capacity for injunctive relief. Plaintiff filed a motion for partial summary judgment on November 14, 2014.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, and on July 13, 2015, the Magistrate Judge filed a Findings and Recommendations recommending Plaintiff's motion be granted in part and denied in part.

Plaintiff filed objections on July 28, 2015, Defendants filed objections and a response on August 12, 2015, and Plaintiff filed a response on August 26, 2015.  Local Rule 304(b), (d).

## II.  Parties' Objections

Plaintiff was found guilty in a prison disciplinary hearing of battery on a peace officer, and he was assessed an eighteen-month Security Housing Unit ("SHU") term and a time-credit forfeiture.  While serving his SHU term, Plaintiff received additional SHU term assessments, resulting in an almost twenty-year term.  Plaintiff litigated the credit loss in state court, and the appellate court found his due process rights had been violated, granted his petition for writ of habeas corpus, and ordered CDCR to either restore Plaintiff's time credits or conduct a new disciplinary hearing.  *In re Fratus*, 204 Cal.App.4th 1339, 139 Cal.Rptr.3d 660 (Cal.Ct.App. 2012).  In this section 1983 action, Plaintiff is pursuing a claim for denial of due process arising out of his SHU term.  He seeks damages and the expungement of the disciplinary report and/or release from the SHU.

Relying on the doctrine of issue preclusion, the Magistrate Judge found that Plaintiff was entitled to summary adjudication on the issues determined by the appellate court in *In re Fratus* but he was not entitled to summary judgment on his due process claim against Defendant Callow, as such a finding would require Plaintiff to first prove that he was deprived of a protected liberty interest in avoiding SHU confinement.  Plaintiff now objects to the finding that he is not entitled to summary judgment on the issue of Defendant Callow's liability for violating his right to due process.

To prevail on his motion for summary judgment, Plaintiff must affirmatively demonstrate that no reasonable trier of fact could find other than for him.  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks omitted); *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).  To establish a violation of his right to due process under section 1983, Plaintiff must demonstrate that (1) he had a protected liberty interest at stake and (2) he was deprived of that protected interest without the procedures he was due under federal law.  *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  Plaintiff must prevail on both elements for Defendant Callow to be held liable for a constitutional violation, and Plaintiff

offered no argument or evidence regarding the first element. Thus, a finding that Plaintiff is entitled to summary judgment would require the Court to find that, as a matter of law, Plaintiff had a protected liberty interest in remaining free from an eighteen-month SHU term. *See Brown v. Oregon Dept. of Corrs.*, 751 F.3d 983, 987 (9th Cir. 2014). The Magistrate Judge did not err in declining to find for Plaintiff on that element as a matter of law, a finding which would have been *sua sponte* given Plaintiff's failure to produce argument or evidence as to that element. Plaintiff's argument that the appellate court ruled his due process rights were violated and he is therefore entitled to summary judgment in this action mischaracterizes the protected liberty interest that was litigated in state court. Plaintiff challenged the loss of his time credits in his habeas petition and he may not rely on a ruling related to his interest in his time credits to establish a protected interest in remaining free from the SHU.

Next, Plaintiff's objection relating to Defendants' failure to comply with Local Rule 260(b) lacks merit because their failure to comply with a procedural rule does not legally entitle him to prevail on the merits of his claim. Nor is Plaintiff's characterization of his motion as unopposed correct. Defendants filed an opposition, although they failed to comply fully with Local Rule 260(b). However, "[d]istrict courts have broad discretion in interpreting and applying their local rules," *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010), and the Magistrate Judge's consideration of the Plaintiff's motion on its merits despite Defendants' procedural violation provides no basis for a valid objection.

Finally, Defendants' objections also lack merit. The Magistrate Judge did not find that the appellate court decided all the elements of a due process claim under section 1983. The Magistrate Judge confined her findings regarding issue preclusion to those issues specifically decided by the appellate court. The Magistrate Judge stated, "In finding that Plaintiff was not allowed to present his defense at his disciplinary hearing, and was thus denied a fair hearing, the state appellate court specifically determined that Defendant Callow's refusal to allow Plaintiff to call inmate Johnson as a witness violated Plaintiff's due process rights under *Wolff* and *Hill*, and it determined that SHO Callow refused to allow Plaintiff to ask more than one question of the adverse officer witnesses. *In re Fratus*, 204 Cal.App.4th at 1350-51. Defendant Callow is not

now permitted to relitigate these issues. . . ." (Doc. 67, F&R, 12:6-11.)  That Defendants would argue this was error is perplexing given the appellate court's decision, which unquestionably precludes Defendants from relitigating (1) Defendant Callow's failure to call inmate Johnson as a witness, which the appellate court found violated one of procedural due process rights Plaintiff was due under federal law, and (2) Callow's failure to allow Plaintiff to ask more than one question of the adverse officer witnesses, which the appellate court found was a violation of state prison regulations.  *In re Fratus*, 204 Cal.App.4th at 1351-52.  Both deprivations led the appellate court to conclude that Plaintiff was deprived of a fair hearing, the remedy for which was a credit restoration or a rehearing of the disciplinary violation.  *Id.*  Defendant Callow is not permitted to relitigate those issues in this case and the Magistrate Judge did not err in so finding.[1]  *Gonzales v. California Dep't of Corrs. & Rehab.*, 739 F.3d 1226, 1230 (9th Cir. 2014).

### III.     Conclusion and Order

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.  Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on July 13, 2015, is adopted in full;
2. Issue preclusion is applied to (1) Defendant Callow's failure to allow Plaintiff to call inmate Johnson to testify on his behalf, in violation of his procedural due process rights under federal law, and (2) his failure to allow Plaintiff to ask the adverse officer witnesses more than one question each, in violation of his procedural due process rights under state prison regulations;

---

[1] The Magistrate Judge made no findings regarding whether there was "some evidence" supporting the decision, and she made no broader findings regarding Plaintiff's due process claim or Defendant Callow's liability.  To the extent Defendants raised an objection regarding the issue of "some evidence" because of the reference to the *Hill* case, the citation to the *Hill* case was made by the appellate court.  Additionally, Plaintiff was the party moving for relief, and Defendants have not yet sought summary judgment.  Neither the Magistrate Judge nor the undersigned is in a position to speculate regarding whether they will do so and if so, what arguments will be made.  On that basis, the Magistrate Judge stated that she was not going to reach their argument regarding the existence of "some evidence," an argument which was not responsive to any grounds for summary judgment raised by Plaintiff in his motion.

3. Plaintiff's motion for summary adjudication on the issue of Defendant Callow's liability for violating his federal right to due process is DENIED; and

4. This matter is referred back to the Magistrate Judge to issue the amended scheduling order.

IT IS SO ORDERED.

Dated:   **August 31, 2015**                    **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE